Timothy W. Moppin (SBN 133363)
Attorney at Law
2015 Junction Avenue
El Cerrito, California 94530
Telephone: (510) 232-0442
timmoppin@aol.com

Richard M. Nichols (SBN 166638)
Attorney at Law
876 Arlene Way
Novato, CA 94947
rnicholspc@gmail.com

Attorneys for Plaintiff
HOPE SOLO

## BEFORE THE UNITED STATES JUDICIAL PANEL ON

## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>UNITED STATES SOCCER FEDERATION PAY DISCRIMINATION LITIGATION | MDL No. 2890<br><br>**OPPOSITION TO MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS** |

## INTRODUCTION

The United States Judicial Panel on Multidistrict Litigation ("Panel") should deny the Motion Of Plaintiffs For Transfer Of Actions To The Central District Of California Pursuant to 28 U.S.C. § 1407 For Coordinated Or Consolidated Pretrial Proceedings ("Motion").  Existing circumstances do not constitute or contemplate the multiple, complex litigation landscape for which 28 U.S.C. Section 1407 was promulgated to resolve.  The related action entitled *Hope Solo v. United States Soccer Federation*, Case No. 3:18-cv-05215 JD (the "Solo Case") should remain independent.

**OPPOSITION TO MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Contrary to the arguments made in the Motion, the two (2) pending cases that share the same claims, and questions of law and fact, --filed in different jurisdictions, only 380 miles apart, in the same State, (a) do not constitute multiple filings, (b) are not complex cases, and therefore, (c) are not the types of cases that require the coordination and or consolidation mandated by MDL.

Instead, 28 U.S.C. Section 1404 Change of Venue statute is the more appropriate, immediate, and less cumbersome mechanism by which the Plaintiffs –twenty-eight current and former members of the United States Women's National Soccer Team ( collectively referred to as "USWNT") can, — in the interest of justice, and the convenience of the parties and witnesses — satisfy their objectives of coordination and or consolidation of the two (2) pending matters.

## ARGUMENT

**A. For the Convenience of the Parties and Witnesses, and in the interest of justice, coordination and consolidation of the Two (2) Pending Cases Pursuant to 28 U.S.C. Section 1404 Change of Venue Statute is the Appropriate Mechanism.**

As noted in the pleadings of the USWNT, Section 1407(a) provides that when *multiple actions (*emphasis added) are pending in different districts that contain one or more common questions of fact, such actions may be coordinated or consolidated in one district for pre-trial proceedings. We agree. However, in the instant case, there are NOT multiple actions pending in multiple jurisdictions harboring multiple common questions of law and fact. Indeed, there are only two (2) such cases pending in two (2) jurisdictions 380 miles apart in the same State of California.

Further, notwithstanding the primary case cited by the USWNT [*In re NCAA Grant-In Aid Cap Antitrust Litig., MDL No. 2541, Dkt. No.1 (J.P.M.L. June 4, 2014]* within which the MDL mandated coordination of two (2) cases, the MDL court pointedly noted that those two (2) cases also encompassed six (6) related cases in six other jurisdictions; and importantly, all referenced and related similar cases involved the same complex antitrust matters, that, if not coordinated and consolidated, could result in multiple disparate judicial decisions impacting several complex antitrust issues in multiple jurisdictions. Accordingly, for these reasons, the MDL took the unusual action of approving the coordination and consolidation of only two (2) cases pursuant to 28 U.S.C. Section 1407.

To be clear, our two (2) cases do *not* involve any complex antitrust claims, and there are no related cases pending in multiple jurisdictions.  Accordingly, a simple, immediate transfer of venue of

**OPPOSITION TO MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

the Solo Case to the Central District of California Western Division via 28 U.S.C. Section 1404 will accomplish the same objectives of judicial economy, and convenience of the parties and witnesses contemplated by the USWNT's Motion to Transfer pursuant to 28 U.S.C. Section 1407.

**B.  If the JPML Court Determines It Appropriate to Exercise Its Authority to Coordinate and Or Consolidate These Two (2) Cases per the MDL, The Appropriate Venue should be the Northern District of California.**

In the event the JPML court determines that the two (2) pending cases should be consolidated and coordinated, for the following reasons the cases should be coordinated in the Northern District of California.

Importantly, the Solo Case was filed first in August 2018 in the Northern District of California. Next, the Defendant, the United States Soccer Federation, has already expended significant time and resources in its filing of dispositive motions in the Solo Case. Further, the parties have met, conferred and submitted a Case Management Plan with the Court.  Additionally, a hearing on the Defendants dispositive motions was conducted on February 21, 2019 with a prospective determination taken under submission by the Court. Recently, Judge Donato issued a "stay" pending the JPML court's decision on the MDL Motion.

Given the Northern District of California Judge Donato's familiarity with the salient issues in Solo Case, consideration of Court time and resources already dispensed in the Solo Case, the almost identical claims and issues to be litigated in both cases, and the relative close proximity of both venues, (380 miles apart in California), --if the JPML Panel concludes that the cases should be consolidated and or coordinated via MDL, --it appears prudent that given the almost one-year of substantive activity in the Solo Case, and the Northern District of California's familiarity and experience handling MDL matters, the Northern District of California should be selected as the appropriate venue.

## CONCLUSION

Where there are a minimal number of cases involved in the litigation, the moving party bears a strong burden to show that the common questions of fact are so complex, and the accompanying common discovery so time consuming as to overcome the inconvenience to the party and the witnesses in the action being transferred. (*In Re: Scotch Whiskey,* 299 F. Supp 543, 544 (JPML 1969).)  There are

**OPPOSITION TO MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

no compelling "complex" questions of fact or burdensome discovery that warrant the transfer of this action for coordination under the MDL rules of procedure.  The Motion does not satisfy the strong burden that USWNT bears in this matter.

For the foregoing reasons, Hope Solo respectfully requests that the Motion be denied.


Date:   April 12, 2019                              Respectfully submitted


By:_____/s/_____
      TIMOTHY W. MOPPIN, ESQ
      RICHARD M. NICHOLS. ESQ.
      Attorneys for Plaintiff
      HOPE SOLO

4

**OPPOSITION TO MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**